David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorney for Plaintiff
Luis Varela

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Varela<br><br>           Plaintiff,<br>v.<br><br>Asset Acceptance, LLC<br><br>           Defendant. | Case Number: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1  collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Luis Varela, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Asset Acceptance, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

//
//

## PARTIES

12. Plaintiff is a natural person who resides in the City of Glendale, State of Arizona.

13. Defendant is located in the City of Warren, in the State of Michigan.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime before June 17, 2010, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before June 17, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before June 17, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about June 17, 2010, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

HYDE & SWIGART
Phoenix, Arizona

22. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

23. On or about October 1, 2010, Plaintiffs sent to Defendant a letter in which Plaintiffs advised Defendant that Plaintiffs refused to pay the alleged debt in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

24. After receiving Plaintiff's refusal to pay letter dated October 1, 2010, Defendant continued to call Plaintiff several more times in an attempt to collect the alleged debt, including but not limited to: on or about October 29, 2010, November 1, 2010, November 10, 2010 and November 11, 2010.

25. After Defendant was notified in writing that Plaintiff refused to pay the alleged debt, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

26. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

27. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

28. In addition to the collection telephone calls, Defendant also sent Plaintiff an additional collection letter dated November 1, 2010.

29. After Defendant was notified in writing that Plaintiff refused to pay the alleged debt, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

30. During the November 10, 2010 collection call from Defendant, Plaintiff informed Defendant that Plaintiff had previously sent a refusal to pay letter. This conversation included Plaintiff reading the letter to Defendant's agent.

31. Defendant's agent's response to Plaintiff was that Defendant was "disregarding" Plaintiff's letter, because he sent two previous letters to Defendant. Furthermore, Defendant threatened to continue calling Plaintiff because despite his refusal to pay letter, Plaintiff "still owed the debt."

32. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

33. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

34. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

35. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

36. Due to Defendant's actions, Plaintiff has suffered actual damages in the form of mental anguish which manifested in several symptoms including but not limited to: stress, anxiety, sleeplessness, hopelessness, pessimism, restlessness, irritability, guilt, helplessness, and depression all impacting his work and personal relationships.

//

//

//

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//
//
//
//
//

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: November 22, 2010

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorneys for Plaintiff